# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MIGUEL MUNOZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-1068-TWP-DKL |
| ) | |
| SUPERINTENDENT OF THE NEW ) | |
| CASTLE CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Miguel Munoz's ("Mr. Munoz") Petition for Writ of Habeas Corpus (Dkt. 1), which challenges a prison disciplinary proceeding identified as No. NCF 13-01-0023. For the reasons explained in this Entry, Mr. Munoz's habeas petition must be **DENIED**.

## I. LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. BACKGROUND

On January 2, 2013, an Internal Affairs Investigator wrote a conduct report that charged Mr. Munoz with Class A offense 111/102, aiding/conspiracy to commit an assault with serious bodily injury. The conduct report stated:

> The following Conduct Report has been issued to Offender Miguel Munoz IDOC #211778 for violation of Adult Disciplinary Policy A-102, Assault with Serious Bodily Injury. On 12/14/12, between 2130-2230, offender Javier Guzman IDOC #169733 was assaulted by offender Munoz and other Hispanic offenders. Munoz denied having any involvement in the assault or having any knowledge of the assault during his interview with Internal Affairs.
>
> Based on the results of the investigation and analysis of the evidence the following is indicated: Munoz, Miguel IDOC #211778 did violate code A-102 of the Adult Disciplinary Policy. Refer to ROI 12-NCF-0099.

On January 4, 2013, Mr. Munoz was notified of the charge when he was served with the conduct and screening reports. Mr. Munoz was notified of his rights, pled not guilty, and requested a lay advocate. He did not request to view any evidence.

On January 17, 2013, a hearing officer conducted the prison disciplinary hearing and found Mr. Munoz guilty of Class A offense 111/102, aiding/conspiracy to commit an assault with serious bodily injury. The sanctions recommended and approved were an earned credit time loss of 180 days, a credit class demotion from credit class I to credit class II, six months in disciplinary segregation, and a 45 day loss of commissary and telephone privileges. The hearing officer reported that these sanctions were imposed because of the serious nature of the offense and the degree to which the violation endangered the security of the facility. In making this determination, the hearing officer relied on staff reports and physical evidence, "SIR, ROI, PICT'S AND MED. REPORT," and Mr. Munoz's statement at the hearing, which was "Can this be a – 'B' Not guilty I want to appeal."

Mr. Munoz appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. **DISCUSSION**

Mr. Munoz asserts that there was no video tape nor a summary of video presented at the hearing, which would have shown that he had no involvement in the incident. He argues that there should have been video evidence presented to verify who was involved in the fight. He alleges that the hearing officer told him that the video camera was not working. Mr. Munoz argues that his due process rights were violated by the lack of video evidence which he could have used to prove his innocence.

When Mr. Munoz was screened on the charge, he did not request any evidence. In addition, at the hearing, he was told that there was no video evidence. Under these circumstances, Mr. Munoz was not denied his limited right to present evidence.

Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary

board's decision to revoke good time credits has some factual basis." *Id*. (internal quotation omitted).

The conduct report and other supporting reports relied on by the hearing officer constituted sufficient evidence to find Mr. Munoz guilty of the charge. The lenient standard of "some" evidence was satisfied in this case.

Additionally, Mr. Munoz was given notice and had an opportunity to defend the charge. He made his statement denying his guilt. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. As noted above, there was sufficient evidence in the record to support the finding of guilt. Accordingly, the Court finds there were no violations of Mr. Munoz's due process rights.

## IV. **CONCLUSION**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Munoz's Petition for Writ of Habeas Corpus (Dkt. 1) must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 07/15/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Miguel Munoz, #211778
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL'S OFFICE
frances.barrow@atg.in.gov

4